## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **PAMELA R. FOSTER, SHERRI P. DAVIS, and SHANNON BROWN, individually and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION** |
| **v.** | ) ) | **NO. _____** |
| **SUNTRUST MORTGAGE, INC.,** | ) ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

COME NOW the Plaintiffs Pamela R. Foster ("Foster"), Sherri P. Davis ("Davis"), and Shannon Brown ("Brown") (collectively "Plaintiffs"), by and through their undersigned counsel, and file this Complaint as follows:

1.

Plaintiffs bring this lawsuit on their own behalf, and on behalf of all those similarly situated, against Defendant SunTrust Mortgage, Inc. ("SunTrust") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et</u> <u>seq</u>.   Plaintiffs hereby file with the Court their "Opt-in Consents" to join this collective action under 29 U.S.C. § 216(b) by attaching them hereto as Appendices

A-C.  Plaintiffs Foster and Davis also bring this lawsuit to recover unpaid bonuses under Georgia law.

## **Parties**

2.

Plaintiff Foster worked for SunTrust within this judicial district as a mortgage loan processor within the period beginning three years prior to the filing date of this Complaint and continuing through the date of her separation from employment on or about May 9, 2012 (Foster's "relevant period").

3.

Plaintiff Davis worked for SunTrust within this judicial district as a mortgage loan processor within the period beginning three years prior to the filing date of this Complaint and continuing through the date of her separation from employment on or about May 31, 2011 (Davis' "relevant period).

4.

Plaintiff Brown worked for SunTrust within this judicial district as a mortgage loan processor within the period beginning three years prior to the filing date of this Complaint and continuing through the date of her separation from employment in 2010 (Brown's "relevant period").

5.

Plaintiffs Foster and Davis worked as mortgage loan processors for SunTrust's Atlanta office, then Hammond office, under the supervision and direction of Regional Manager Debbie Gray and local manager Teresa Segars within the relevant period.

6.

Plaintiff Brown worked as a mortgage loan processor for SunTrust's Cobb office, under the supervision and direction of Regional Manager Debbie Gray and local manager Jennie Alcott within the relevant period.

7.

Regional Manager Debbie Gray supervises all of the SunTrust mortgage offices in the Southeast region, including but not limited to Georgia, South Carolina, North Carolina, Alabama, and Tennessee.

8.

Plaintiffs bring this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of SunTrust's current and former mortgage loan processors who work or worked under Regional Manager Debbie Gray during the period beginning three years preceding the filing date of this Complaint and continuing through the date of final judgment (the "relevant period") (collectively, the "Similarly Situated Employees").

9.

Upon information and belief, SunTrust is a Virginia corporation registered to do business in the State of Georgia, and may be served with process through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092 (Gwinnett County).

**Jurisdiction and Venue**

10.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA, and pursuant to 28 U.S.C. § 1367, this Court shall have supplemental jurisdiction over Plaintiffs' state law claims alleging breach of employment compensation agreement and unpaid bonuses or other wages.

11.

SunTrust employed Plaintiffs and has employed and continues to employ other Similarly Situated Employees in this judicial district, and is registered to transact business in the State of Georgia.

12.

SunTrust is an enterprise engaged in commerce for purposes of the Fair Labor Standards Act ("FLSA"), with annual gross revenues in excess of $500,000, and is also an "employer" as defined under the FLSA.

**Facts Related To All Counts**

13.

Plaintiffs and the Similarly Situated Employees performed similar job duties during the relevant period and were subjected to similar pay practices while employed as mortgage loan processors at SunTrust, and are "employees" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

14.

SunTrust internally classified Plaintiffs and the Similarly Situated Employees as non-exempt from the overtime pay requirements of the FLSA at all times during the relevant period.

15.

Plaintiffs and the Similarly Situated Employees were non-exempt from the overtime pay requirements of the FLSA at all times during the relevant period.

16.

Plaintiffs and the Similarly Situated Employees are/were paid by the hour by SunTrust during the relevant period.

17.

In addition to their hourly pay, Plaintiffs and the Similarly Situated Employees were also eligible to earn bonuses for completing loan files, including but not limited to bonuses under the Mortgage Retail Operations Incentive Plan (collectively "bonuses"), during the relevant period.

18.

Plaintiffs and the Similarly Situated Employees were promised bonuses prior to performing the work required to earn the bonuses during the relevant period.

19.

Plaintiffs and the Similarly Situated Employees were promised that bonuses would be paid based on specific bonus calculations announced prior to performing the work required to earn the bonuses during the relevant period.

20.

The bonuses to be paid to SunTrust's mortgage loan processors were non-discretionary bonuses under the FLSA.

21.

On numerous occasions during the relevant period, SunTrust suffered or permitted the Plaintiffs and the Similarly Situated Employees to work more than 40 hours in a work week without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the

FLSA -- i.e., their regular rate inclusive of hourly rate and all other non-discretionary bonuses and other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

22.

Regional Manager Debbie Gray instructed the managers that reported to her to relay instructions to the mortgage loan processors in the Southeast Region not to record more than 40 hours per week on their time sheets.

23.

Regional Manager Debbie Gray was aware that Plaintiffs regularly and routinely worked over forty hours per work week but instructed Plaintiffs not to record more than 40 hours per week on their time sheets for their regular and routine overtime hours worked.

24.

Plaintiffs and other Similarly Situated Employees asked Regional Manager Debbie Gray about their entitlement to additional pay for hours regularly and routinely worked over 40 in a work week, but Regional Manager Debbie Gray denied that they would be paid for overtime hours.

25.

By way of non-exhaustive example, when Plaintiff Davis defied Regional Manager Debbie Gray's instructions and began writing down all of her hours

actually worked in approximately September, 2009, Plaintiff Davis was instructed by her manager Teresa Segars, upon information and belief acting in conformity with instructions from Regional Manager Debbie Gray, to "correct" her time because she could only claim 40 hours in a work week.

26.

By way of additional non-exhaustive examples, Regional Manager Debbie Gray on one or more occasion within the relevant period while walking around the office and observing mortgage loan processors working late would state "y'all know you can't claim overtime" or words to that effect.

27.

SunTrust, acting through its Regional Manager with supervisory authority over Plaintiffs and the Similarly Situated Employees, suffered or permitted Plaintiffs and the Similarly Situated Employees to work over 40 hours in a work week but required Plaintiffs and the Similarly Situated Employees to alter time records to omit overtime hours worked; instructed, encouraged and/or warned Plaintiffs and the Similarly Situated Employees not to record overtime hours worked; and failed to enter corrections to time records despite having actual or constructive knowledge that Plaintiffs and the Similarly Situated Employees worked overtime hours not recorded on the time records upon which they were

paid, as a matter of common practice resulting in the underpayment of overtime wages on numerous occasions during the relevant period.

28.

On certain rare occasions during the relevant period, Regional Manager Debbie Gray would communicate in advance of hours worked that Plaintiffs and the Similarly Situated Employees were pre-authorized to record a certain maximum set number of overtime hours in an upcoming work week for anticipated work to clear a backlog regardless of whether the actual number of overtime hours worked that week exceeded the pre-authorized amount ("pre-authorized overtime block time"), including by way of example but not limited to a work week within the pay period of March 1 to March 15, 2012 in which Plaintiff Foster was pre-authorized to record five hours of overtime on her time sheets.

29.

Even on these certain rare occasions in which Regional Manager Debbie Gray pre-authorized overtime block time during the relevant period, including by way of example but not limited to a work week within the pay period of March 1 to March 15, 2012 in which Plaintiff Foster was pre-authorized to record -- and worked in excess of but was in fact paid based only on -- five hours of pre-authorized overtime block time, SunTrust paid pre-authorized overtime block time

based solely on the employee's hourly rate (which did not vary based on number of hours worked in the work week), but failed to pay pre-authorized overtime block time based on the required regular rate, inclusive of all bonus amounts, premium pay for holiday hours worked, and other non-discretionary compensation not otherwise excludable under 29 U.S.C. § 207(e), resulting in underpayment of the overtime compensation required under the FLSA.

30.

SunTrust also failed to pay Plaintiffs Foster and Davis, and certain other of the Similarly Situated Employees assigned to work on the project, certain non-discretionary bonuses that were promised to them by or through Regional Manager Debbie Gray in advance of work performed in cleaning out the Southeast Region's mortgage loan "pipeline" in or about December, 2010 (the "pipeline bonuses"), and for which Plaintiffs and the Similarly Situated Employees satisfied all conditions precedent for earning such pipeline bonuses, by retroactively capping the total allowed pipeline bonus amounts earned on processing the loan files involved in this "pipeline" project at $5,000.00 per employee after the work had been performed.

31.

SunTrust's failure to pay the entire amounts of these pipeline bonuses not only constitutes a breach of the compensation agreement under state law, but also results in a regular rate violation under the FLSA if that the total owed amounts of the pipeline bonuses were and/or are not included in the regular rate calculations for the affected employees for the purposes of calculating overtime wages for the weeks during which the pipeline bonuses were earned.

32.

Plaintiffs and the Similarly Situated Employees were entitled to additional premium pay for working on holidays, which was required to be included in the regular rate calculations in determining the correct regular rate upon which Plaintiffs and the Similarly Situated Employees are and were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but SunTrust failed to include premium pay for working on holidays in calculating their applicable regular rate during the relevant period.

33.

All of the non-discretionary bonuses earned by Plaintiffs and the Similarly Situated Employees, including all amounts paid and earned but unpaid by SunTrust, and all other non-discretionary compensation not otherwise excludable

under 29 U.S.C. § 207(e) including but not limited to premium pay for holiday hours worked, are and were required to be included in the regular rate calculations in determining the correct regular rate upon which Plaintiffs and the Similarly Situated Employees were owed overtime pay at the rate of time and a half for hours worked over 40 in a workweek, but SunTrust failed to pay Plaintiffs and the Similarly Situated Employees for all overtime hours worked and failed to pay Plaintiffs and the Similarly Situated Employees at the correct regular rate even for pre-authorized overtime paid.

34.

In addition to the non-exhaustive examples of complaints about overtime referenced above, and by way of additional non-exhaustive example, Plaintiff Foster complained about SunTrust's failure to pay for overtime hours worked to SunTrust's Human Resources Representative for the Atlanta Division on May 2, 2012.

35.

As a result of SunTrust's conduct causing inaccurate record-keeping of actual hours worked, SunTrust has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of the

Plaintiffs and the Similarly Situated Employees for the time period required by law.

36.

Despite being aware that the FLSA's record-keeping and overtime compensation requirements applied to its mortgage loan processor employees, and despite having received complaints within the relevant period from certain Plaintiffs and Similarly Situated Employees regarding failure to pay compensation for all hours actually worked and failure to pay bonuses and overtime compensation owed, SunTrust violated and continues to willfully violate the FLSA by not paying Plaintiffs or the Similarly Situated Employees overtime compensation at the rate of one and a half times their proper regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages for overtime not paid in each paycheck for the applicable pay period.

## Count 1: FLSA – Individual Action

37.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

38.

SunTrust failed to pay Plaintiffs the overtime compensation owed to them under, and in the manner required by, the FLSA for all of their hours worked over forty in a work week during the relevant period.

39.

SunTrust's violations of the FLSA as alleged herein were willful.

40.

Plaintiffs are entitled to recover their back overtime pay at the rate of one and a half times their regular rate inclusive of all bonus amounts owed and any other income not otherwise excludable from the regular rate calculation, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **Count 2: FLSA – Collective Action**

41.

Plaintiffs incorporate herein the allegations contained in the preceding paragraphs.

42.

SunTrust failed to pay Plaintiffs and the Similarly Situated Employees the overtime compensation owed to them under, and in the manner required by, the FLSA.

43.

SunTrust's violations of the FLSA as alleged herein were willful.

44.

Plaintiffs and the Similarly Situated Employees are entitled to recover their back overtime pay at the rate of one and a half times their regular rate inclusive of all bonus amounts owed and any other income not otherwise excludable from the regular rate calculation, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

**Count 3: State Law Claims for Breach of Compensation Agreement and/or Unpaid Bonuses**

45.

Plaintiffs incorporate by reference herein the allegations contained in the preceding paragraphs.

46.

During the relevant period, Plaintiffs Foster and Davis and the Similarly Situated Employees were not paid the entire amount of their non-discretionary

pipeline bonuses owed under their compensation agreements with SunTrust for loan files serviced, despite satisfying all conditions precedent to earning the bonus amounts for each file serviced.

47.

Plaintiffs and the Similarly Situated Employees are therefore owed their unpaid bonuses earned during the relevant period.

48.

Plaintiffs made demand to SunTrust individually and on behalf of other Plaintiffs and/or Similarly Situated Employees for payment of their entire pipeline bonus amounts not capped at $5,000.00, but SunTrust has acted in bad faith and has been stubbornly litigious in refusing to pay Plaintiffs the bonus compensation owed.

49.

Therefore, in addition to the damages owed to Plaintiffs and the Similarly Situated Employees for breach of their employment compensation agreements for unpaid bonuses, Plaintiffs and the Similarly Situated Employees are also entitled to recover their attorney's fees and litigation costs pursuant to applicable Georgia law, including but not limited to O.C.G.A. §§ 9-11-68, 9-15-14, and/or 13-6-11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1.      Award Plaintiffs and the Similarly Situated Employees their back overtime pay at one and a half times their properly calculated regular rate, an equivalent amount as liquidated damages or, pleading in the alternative, prejudgment interest related thereto, for all hours worked over 40 in a work week during the period beginning three years prior to the filing date of this Complaint or the filing of an Opt-In Consent as applicable, through the date of judgment;

2.      Award Plaintiffs and the Similarly Situated Employees their unpaid bonus amounts earned during the maximum statute of limitations period prior to the filing date of this Complaint or the filing of an Opt-In Consent as applicable, through the date of judgment;

3.      Award Plaintiffs and the Similarly Situated Employees their costs and attorney's fees; and

4.      Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted this 17th day of May, 2012.

*s/ C. Andrew Head*
Georgia Bar No. 341472
Attorneys for Plaintiffs
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com