## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Defendant SunTrust Mortgage, Inc. ("SunTrust" or "Defendant"), and Representative Plaintiffs Pamela Foster ("Foster"), Sherri Davis ("Davis"), and Shannon Brown ("Brown") (collectively, the "Representative Plaintiffs") on behalf of themselves and the Opt-in Plaintiffs Darla Lacey ("Lacey"), Cari Purcell ("Purcell"), Susan Bush ("Bush"), Sheila Shine ("Shine"), Marla Williams ("Williams"), Julie Sherer ("Sherer"), Renee Philippi ("Philippi"), Jennifer Green ("Green"), Indira Bland ("Bland"), Nikki Stacy ("Stacy"), and Felisa Vaughan ("Vaughan") (each an "Opt-in Plaintiff" and collectively, "Opt-in Plaintiffs") related to and arising out of the case originally captioned *Foster, et al v. SunTrust Mortgage, Inc.*, Case No. 1:12-cv-01716-WSD (the "Litigation"), filed in the United States District Court for the Northern District of Georgia (the "Court").

This Agreement is made as a compromise between the Representative Plaintiffs and the Opt-in Plaintiffs (each a "Plaintiff" and together "Plaintiffs") and Defendant (collectively, the "Parties") for the complete and final settlement of the Parties' claims as defined below in Section E of the Agreement.

## RECITALS

WHEREAS, on May 17, 2012, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), the Representative Plaintiffs filed a collective action Complaint against Defendant in the Litigation alleging failure to pay overtime compensation for certain hours worked under the FLSA and breach of contract for failure to pay certain incentive payments allegedly earned under SunTrust's Mortgage Retail Operations Incentive Plan;

WHEREAS, Defendant answered denying the material allegations of Plaintiffs' Complaint;

WHEREAS, the Court granted the Representative Plaintiffs' motion for conditional certification, and, pursuant to the Court's Order, Plaintiffs' counsel sent Court-approved notice of the collective action generally advising putative plaintiffs of the Lawsuit and the terms and conditions under which they were entitled to join the Lawsuit. The notice stated, in pertinent part, that:

> *If you join the Lawsuit, you will be bound by any judgment of the Court, whether it is favorable or unfavorable. If the Representative Plaintiffs are successful in recovering a money judgment or settlement from SunTrust, you will also be bound by any such judgment or settlement and will share in the amount recovered by the Representative Plaintiffs. If you join the Lawsuit, the Representative Plaintiffs' attorneys will represent you on a contingent fee basis. Under the fee agreement, you will not have to pay the lawyers directly – win or lose. Instead, the attorneys will be paid a portion of the amount, if any, recovered by settlement or awarded by the Court.*

1

WHEREAS, Opt-in Plaintiffs, executed the Court-approved Opt-in Consent forms, which stated, in pertinent part, that:

> *By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendant, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against Defendant.  I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.*

> *I understand that the Representative Plaintiffs have entered into a contingency fee agreement with the law firm of Fried & Bonder, LLC ("Class Counsel"), which applies to all plaintiffs who file this consent.  If I file this consent, I agree to be bound by such contingency fee agreement with Class Counsel.  I understand that I may obtain a copy of the contingency fee agreement by requesting it from Class Counsel.*

> *I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendant, without regard to whether such judgment or settlement is favorable or unfavorable.  I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.*

> *I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf.  If this consent is not executed and filed in this litigation within the time provided by the Court, it may be used in subsequent case for the same purpose.*

WHEREAS, on May 9, 2013, the Representative Plaintiffs (individually and on behalf of the Opt-In Plaintiffs) and Defendant, by and through their counsel of record, arrived at a final agreement to settle all claims in the Litigation during mediation with nationally renowned FLSA collective action mediator Hunter Hughes, Esq.;

WHEREAS, Defendant denied, and continues to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Litigation;

WHEREAS, the Parties recognize that the outcome in the Litigation is uncertain and achieving a final result through litigation requires additional risk, discovery, time, and expense; and

WHEREAS, to determine how best to serve Plaintiffs' interests, Plaintiffs and their counsel have investigated and evaluated the facts and law relating to the claims asserted in the Litigation, and after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs and their counsel believe the settlement as provided in this Agreement is in the best interests of the Plaintiffs, and the Parties agree that the settlement represents a fair, reasonable, and adequate resolution of the Litigation;

WHEREAS, the Parties, without admitting or conceding any liability or damages, have agreed to settle the Litigation on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS Plaintiffs expressly warrant that they are fully authorized to enter into this Agreement on behalf of all Opt-In Plaintiffs under the authority granted them by the Opt-In Consents filed with the Court; and

WHEREAS all Representative Plaintiffs (individually and on behalf of all Opt-In Plaintiffs) have agreed to the terms of this settlement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.     Consideration:**  Defendant denies any liability, responsibility, or wrongdoing as alleged in the Litigation; however, the Parties have reached a compromise to resolve the Plaintiffs' claims for compensation for hours worked that were raised or that could have been raised in the Litigation as further defined and described herein.  Defendant agrees to pay to Plaintiffs the total gross amount of ▮▮▮▮▮ (the "Settlement Payment"), less all applicable taxes and other required or authorized wage withholdings as described below, which shall be allocated pursuant to the Parties' agreement as follows: (1) payment to Plaintiffs less applicable taxes and other required or authorized wage withholdings as described below in the total gross amount of ▮▮▮▮▮ (2) payment to Plaintiffs' counsel "Fried & Bonder, LLC" ("Plaintiffs' Counsel") in the total gross amount of ▮▮▮▮▮ for advanced costs in the Litigation ("Payment for Plaintiffs' Costs"), and (3) payment to Plaintiffs' Counsel in the total gross amount of ▮▮▮▮▮ for attorneys' fees incurred in the Litigation ("Payment for Plaintiffs' Attorneys' Fees").  The Settlement Payment is specifically allocated as to each Plaintiff pursuant to the calculations[3] reflected in the settlement spreadsheet attached hereto as Exhibit 1 and as summarized as follows:

---

[3] Plaintiffs' counsel reasonably and equitably allocated the payments to the Plaintiffs according to the following methodology.  After payment to Plaintiffs Foster and Davis of the ▮▮▮▮▮ unpaid bonus amount claimed by Plaintiff Foster and the ▮▮▮▮▮ bonus amount claimed by Plaintiff Davis, and after ▮▮▮▮▮ class representative payments to the three Representative Plaintiffs (for service as representative plaintiffs required to give depositions and provide full discovery responses), the remainder ▮▮▮▮▮ was allocated among the Plaintiffs as follows: (i) each Plaintiff received a minimum settlement payment of ▮▮▮▮▮; and (ii) the remainder after minimum

1. Foster: █████████
2. Brown: █████████
3. Davis: █████████
4. Purcell: █████████
5. Lacey: █████████
6. Shine: █████████
7. Williams: █████████
8. Bush: █████████
9. Sherer: █████████
10. Phillippi: █████████
11. Green: █████████
12. Bland: █████████
13. Stacy: █████████
14. Vaughn: █████████

Defendant shall also be separately responsible for all fees charged by the mediator for the May 9, 2013 mediation.

**B.      Settlement Payment and Taxes:**

1.      The settlement amounts paid to Plaintiffs for their FLSA overtime wages and breach of contract wages constitute settlement of each Plaintiff's claim for alleged unpaid overtime wages for hours worked under the FLSA and named Plaintiff's alleged unpaid incentive payments earned under SunTrust's Mortgage Retail Operations Incentive Plan, which shall be paid by separate checks payable to each such Plaintiff in the amounts stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments ("W-2 payments"), which will be withheld at the supplemental tax withholding rate and reported on IRS Form W-2.  The settlement amounts paid to Plaintiffs for their FLSA liquidated damages constitute settlement of each Plaintiff's claim for alleged unpaid liquidated damages under the FLSA, which shall be paid in an amount equal to the "W-2 payment" for each Plaintiff ("non-W-2 Payments") by separate checks payable to each such Plaintiff in the amounts stated above and reported to Plaintiffs in box #3 on IRS Form 1099.  The settlement amounts paid to Plaintiffs' Counsel for fees and costs constitute payment of Plaintiffs' attorneys' fees and costs on all claims under the FLSA and therefore are within the definition of 26 U.S.C. § 62(e)(4) and subject to the provisions of 26 U.S.C. § 62(a)(20) of the Internal Revenue Code, and shall be paid in a separate check payable to "Fried & Bonder, LLC" in the amounts stated above and reported to Plaintiffs and to Fried & Bonder, LLC in box #14 of IRS Form 1099.  Plaintiffs' Counsel agrees to provide Defendant with any required tax forms and documents, including a

---

settlement payments ████████ was then allocated pro rata to each Plaintiff based on the following calculation: first, each Plaintiff's individual average number of unpaid overtime hours claimed per work week ("claimed hours") was multiplied times each Plaintiff's individual number of work weeks within the maximum possible recovery period beginning three years prior to the date of filing their Opt-In Consent ("covered weeks"), which was then multiplied at 1.5 times the individual Plaintiff's last hourly rate working for Defendant ("hourly rate"), to determine each Plaintiff's individual claimed amount (claimed hours times covered weeks times 1.5 hourly rate) ("individual claimed amounts"); then all claimed amounts were added to determine total claimed amounts ("total claimed amounts"); each Plaintiff's pro rata percentage was then determined by dividing total claimed amounts by each Plaintiff's individual claimed amounts, and multiplying each Plaintiff's percentage times the total remaining ████████ settlement payment resulted in each Plaintiff's pro rata share of that remainder.

completed W-9,=no later than fourteen (14) days following the execution of this Agreement. The foregoing Settlement Payment shall constitute full satisfaction of Defendant's payment obligations under this Agreement, and the failure of Plaintiffs to obtain all or any portion of such funds from their attorneys after payment by Defendant in the aforementioned manner shall not be grounds for termination of this Agreement or for liability on the part of Defendant or its attorneys. Plaintiffs and Plaintiffs' Counsel represent and warrant that the attorneys of Fried & Bonder, LLC are the only attorneys who could have a claim for fees and costs with regard to any claims released in this Agreement. Plaintiffs acknowledge and agree that they are responsible for satisfying from the Settlement Payment any and all claims of their attorneys for attorneys' fees, costs, and expenses and further agree that the payment of the Settlement Payment by Defendant will forever discharge Defendant from any claim or obligation for the payment of attorneys' fees or costs for the claims released in this Agreement, including any and all attorneys' liens held by Plaintiffs' Counsel for the claims released in this Agreement.

2.     Plaintiffs are not relying on any information provided by Defendant concerning the tax consequences of payments made under this Agreement. Defendant shall be responsible for paying the employer's portion of taxes or withholdings on the W-2 and for remitting to the taxing authorities the employees' withheld portion of taxes or withholdings on the W-2 payments made under this Agreement as required by applicable law, and Plaintiffs shall be responsible for paying the income taxes on the non-W-2 Payments under this Agreement subject to any applicable deductions or exclusions from gross income as required by applicable law. W-2 payments made to Plaintiffs under this Agreement shall be reported on an IRS Form W-2. Non-W-2 payments made to Plaintiffs as well as each Plaintiff's proportionate share of the Payment for Plaintiffs' Attorneys' Fees and the Payment for Plaintiffs' Costs shall be reported on an IRS Form 1099 to Plaintiffs. Defendant will also issue Plaintiffs' Counsel an IRS Form 1099 for the total Payment for Plaintiffs' Attorneys' Fees and the total Payment for Plaintiffs' Costs.

3.     The settlement amounts paid to Plaintiffs for their FLSA overtime wages constitute settlement of all released claims for compensation for hours worked that were raised or could have been raised in this Litigation, including federal, state, and local claims for hours worked. The settlement amounts paid to named Plaintiffs Foster and Davis for their breach of contract wages constitute settlement of all released claims for compensation for incentive payments that were raised or could have been raised in this Litigation, including federal, state, and local claims for incentive payments.

4.     Subject to Defendant's rights as set forth in Section D of this Agreement, if the Court approves the settlement as to all Plaintiffs, Defendant will deliver checks for the Settlement Payment, except the settlement amount allocated to Sherer, to Plaintiffs' Counsel within twelve (12) business days of the Court's final Order approving the terms and conditions of this Agreement. The Parties agree that this deadline is contingent upon receipt of a completed W-9 for Plaintiffs' Counsel. If Defendant does not receive a completed W-9 for Plaintiffs' Counsel prior to the Court's final Order approving the terms and conditions of this Agreement, the deadline to deliver checks for the Settlement Payment to Plaintiffs' Counsel will be extended to fifteen (15) business days after receipt of a completed W-9 for Plaintiffs' Counsel.

6.     If any Plaintiff is excluded from this settlement, Defendant shall affirm this Agreement with respect to the remaining Plaintiffs who are not excluded from the settlement,

and the Settlement Payment set forth in Section A shall be reduced by the share of the settlement payment allocated to any Plaintiff who is excluded from the settlement.

7.      Plaintiffs will dismiss with prejudice all claims filed against all or any Defendants in this Litigation within ten (10) business days after receipt of payment following the Court's approval of this Agreement.

**C.      Court Approval:**  Within ten (10) business days of execution of this Agreement the Parties will submit to the Court a joint motion for approval of the terms of this Agreement, attaching this Agreement under seal as an exhibit thereto.  Plaintiffs, including all Opt-In Plaintiffs, do not oppose and agree not to oppose Defendant's efforts to file the Agreement under seal or any other motion or efforts made by Defendant to keep the Agreement confidential in filing for Court approval.1  The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement.  The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Plaintiffs' Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendant does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of Plaintiffs' attorneys' fees to be paid to Plaintiffs' Counsel out of the total Settlement Payment.  The Parties agree that any petition for fees by Plaintiffs' Counsel will be filed under seal or, if not filed under seal, will not specify an exact dollar amount or specific percentage of the total settlement sought by Plaintiffs' Counsel for attorneys' fees and costs.

**D.      Non-Approval by Sherer Bankruptcy Court:**  Notwithstanding anything in this Agreement to the contrary, in the event that the U.S. Bankruptcy Court for the District of South Carolina, No. Case 09-00132-hb, having jurisdiction over Sherer's Chapter 13 bankruptcy proceedings, denies any motion for approval of the settlement of Sherer's claims, Defendant will affirm this Agreement with respect to all Plaintiffs except Sherer, and the Settlement Payment set forth in Section A shall be reduced by ███████.

**E.      Releases:**  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree:

1.      Opt-In Plaintiffs, for themselves and for their heirs, successors, assigns, administrators, executors, and representatives, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Defendant and its subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees, former employees, and assigns (collectively, the "Released Parties") from any and all (and only those) claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether accrued or unaccrued, whether known or unknown to them that they may now have against Defendant, including, without limitation, claims for unpaid wages, claims for overtime, or any

---

1 As to Opt-In Plaintiff Sherer only, Sherer's bankruptcy attorney will submit to the U.S. Bankruptcy Court for the District of South Carolina, No. Case 09-00132-hb, having jurisdiction over Sherer's Chapter 13 bankruptcy proceedings, a motion for approval of the settlement of Sherer's claims (and only Sherer's claims).  Sherer does not oppose and agrees not to oppose any efforts by Defendant to have that motion filed under seal or any other motion or efforts made by Defendant to keep the Agreement confidential in filing for Court approval.

other wage claim, including penalties, interest, and liquidated damages, claims pursuant to the FLSA, any claims under ERISA deriving from these related claims, as well as claims for breach of contract and all claims for attorneys' fees, costs, and expenses relative to their employment with SunTrust, based upon acts or facts that have occurred from the beginning of time to the date of this Agreement, limited to each Plaintiff's claims (and only those claims) that were or could have been asserted by each Plaintiff by filing an Opt-In Consent in the Litigation.  This release does not apply to any claims that cannot be released by law.

      2.      In exchange for the portion of the Settlement Payment representing breach of contract claims, as described in Section A of this Agreement, and in addition to their release in the preceding paragraph, Representative Plaintiffs, for themselves and for their heirs, successors, assigns, administrators, executors, and representatives, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Defendant and its subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees, former employees, and assigns (collectively, the "Released Parties") from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether accrued or unaccrued, whether known or unknown to them that they may now have against Defendant, arising out of their employment with SunTrust, based on acts or facts that have occurred from the beginning of time to the date of this Agreement, including, but not limited to, all claims that SunTrust:

    (i)      violated public policy or common law, including, but not limited to, claims for defamation, breach of contract, intentional or tortious interference with contract or business relations, fraud, misrepresentation, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, personal injury, negligence, negligent hiring, retention or supervision, invasion of privacy, conspiracy, intentional or negligent infliction of emotional distress and/or mental anguish, or loss of consortium;

    (ii)      violated SunTrust's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between any Representative Plaintiff and SunTrust;

    (iii)      failed to provide any Representative Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by SunTrust, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against any Representative Plaintiff for the purpose of preventing any Representative Plaintiff from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; or

    (iv)      retaliated against or discriminated against any Representative Plaintiff on the basis of national origin, race, color, ancestry, sex (including sexual harassment), religion, disability or impairment, family medical leave status or rights, age, sexual orientation, marital status, parental status, source of income, or any other

basis in violation of any city, local, state or federal laws, statutes, ordinances, executive orders, regulations or constitutions, or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations or constitutions, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; the Equal Pay Act, 29 U.S.C. § 201 *et seq.*; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"); the Family Medical Leave Act, 29 U.S.C. §2611, *et. seq.*; the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A; and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff et seq.

The claims released by Representative Plaintiffs in this paragraph are expressly limited to claims that were raised or could have been raised in the Complaint in the Litigation, as well as a general release of Defendant for all claims of any kind arising out of Representative Plaintiffs' employment with Defendant.  This release does not apply to any claims that cannot be released by law.

      3.    The Parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the claims released, discharged, and/or compromised by this Agreement, or may change their opinion as to the meaning or significance of the facts heretofore discovered.  The Parties agree that, in such event, this Agreement shall nevertheless be and remain effective in all respects notwithstanding such different or additional facts, or the discovery thereof.

      4.    The Released Parties may raise this release as an affirmative defense to any released claims asserted against any one or more of them.

**F.**    **No Admission of Liability:**  The Parties agree and acknowledge that this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendant and does not create any rights, duties, obligations, or responsibilities other than those expressly set forth herein.   Defendant denies any liability, responsibility, or wrongdoing as alleged in the Litigation.

**G.**    **Confidentiality:**  Pursuant to the Court's July 3, 2013, Order [152], the parties shall redact from any filing (i) the settlement amount, including any lists reflecting the allocation of individual settlement payments to each of the Plaintiffs, and (ii) any amount claimed by or agreed to be paid as attorneys' fees and costs.  In consideration of the obligations under this Agreement, and for good cause, the Plaintiffs agree that the fact of the settlement is not confidential, but that the terms and conditions of this Agreement, including, but not limited to, the amount of any settlement payment, are strictly and shall forever remain confidential; however, the fact of the settlement or any matter of public record contained in the documents available on PACER shall not be confidential. Notwithstanding the foregoing, Plaintiffs may disclose the terms of this Agreement to each other and to their spouses and/or parents, attorneys, accountants, tax advisers, the Internal Revenue Service, or as otherwise required by law ("Approved Parties") on the condition that they maintain confidentiality or as otherwise required

by law. Even if the terms of settlement are available to the public using PACER, Plaintiffs and Plaintiffs' Counsel expressly agree not to disclose or state the terms of settlement contained in this Agreement to any individuals other than the Approved Parties. Plaintiffs and Plaintiffs' Counsel also agree that they will not direct any individuals to Pacer, to any other source of court documents or to any other publication of the terms of the settlement contained in this Agreement as a means of enabling the individual to obtain information regarding the terms of the settlement. Plaintiffs' Counsel and all Plaintiffs agree that they shall not (i) issue or file any press release; (ii) respond to any press/media inquiries; (iii) post in any verbal, print or electronic media including, but not limited to, website posting, advertising materials, Facebook, Twitter, text messages, mass email, or similar social networking or public media outlets; or (iv) communicate in any verbal or written manner with any person who is not the Court or a Plaintiff or Approved Parties any of the terms of the Agreement including, but not limited to, the Settlement Payment, Plaintiffs' attorneys' fees, Plaintiffs' costs and expenses, and the settlement amounts for any of the individual Plaintiffs. Plaintiffs' counsel may reference this settlement on their website or in advertising materials as long as no such reference to this settlement identifies the parties. The Parties agree further that:

1.     If Plaintiffs are requested or required to disclose the terms of this Agreement pursuant to court order and/or subpoena, Plaintiffs shall notify Defendant, in writing via facsimile or overnight mail, within five (5) business days of receipt of such court order or subpoena, and simultaneously provide Defendant with a copy of such court order or subpoena. All notifications arising under this paragraph shall be addressed to Sutherland, Asbill & Brennan LLP, 999 Peachtree Street NE; Atlanta, GA 30309-3996; Telephone: (404) 853-8000; Facsimile: (404) 853-8806; E-mail: allegra.lawrence-hardy@sutherland.com.

2.     Nothing in this Section, however, shall prevent the Plaintiffs from disclosing any confidentiality obligations required by this Agreement.

3.     Plaintiffs shall not express any opinion about whether Defendant has paid any employee pursuant to the requirements of the FLSA, Georgia law, or the law of any other state or locale.

4.     The fact of settlement is not confidential, and although this list is not exhaustive, Plaintiffs may state that "the matter has been resolved, the lawsuit has been dismissed against Defendant, and the parties are bound by a confidentiality agreement in the Settlement Agreement" or words substantially similar which shall not be a violation of this Agreement.

5.     The Parties agree to comply with the Stipulated Protective Order entered by the Court on January 24, 2013, regarding documents that were received from Defendant in the Litigation stamped "Confidential" by Defendant. Plaintiffs' counsel further covenants and warrants that it will purge its electronic document and computer systems of any and all documents or information that were produced by Defendant in the Litigation that were stamped "Confidential" by Defendant or that contain information derived from documents and information that were produced by Defendant in the Litigation that were stamped by Defendant "Confidential." The Parties expressly understand and agree that the scope of the documents and information received from Defendant in the Litigation that shall be destroyed by Plaintiffs' Counsel or returned to Defendant's counsel shall also include the names and contact information

of any current and former employee of Defendant who is not a Plaintiff in this Lawsuit. With the exception of the names and contact information of any current or former employee of Defendant who is not a Plaintiff in this Lawsuit as set forth above, Plaintiffs' Counsel shall not be required to destroy electronic copies of communications between or among counsel or attorney work product. Plaintiffs' Counsel shall, at its option pursuant to Paragraph 12 of the Protective Order, either assemble and return to Defendant's counsel the documents referenced in this paragraph, or provide Defendant with a declaration confirming that documents and information have been destroyed within ninety (90) days of the Court's Order approving this settlement.

**H.     Severability of Provisions:**  After approval by the Court, as addressed in section C, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, including at a minimum submitting any disputes arising out of a court's failure to approve this Agreement that the Parties are unable to resolve to Hunter Hughes for additional mediation, to resolve the Court's objections and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**I.     Knowing and Voluntary Waiver:**  The Parties acknowledge and agree that they are and have been represented by legal counsel throughout the Litigation, and the Parties acknowledge that they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**J.     Continuing Jurisdiction:**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**K.     Dispute Resolution:**  The Parties agree to submit any disputes arising out of this settlement to Hunter Hughes, Esq. for mediation. If the dispute is unresolved after reasonable mediation attempts have been made, the Parties agree that Hunter Hughes, Esq. will serve as arbitrator for any disputes arising out of this settlement. The terms of this Agreement will be null and void if the Court does not approve the Agreement as submitted, or if rejected then as re-submitted by the Parties after resolution of all disputes regarding this settlement either by agreement of counsel or, failing that, by a decision from Hunter Hughes, Esq. as arbitrator. Any controversy, dispute or claim arising out of or relating to this Agreement or breach thereof shall be finally and exclusively resolved by arbitration pursuant to the JAMS Employment Arbitration Rules & Procedures and subject to JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness, but not the JAMS fee schedule. Judgment on the Award may be entered in any court having jurisdiction, and nothing in this Agreement shall prohibit a party from exercising their due process right to file a motion to vacate. If the Agreement is null and void, the Parties will retain all rights and defenses in the Litigation, and all negotiations and information and materials pertaining in any way to this Agreement or the Settlement of the

Lawsuit will be inadmissible.  The Parties agree to split any arbitration fees arising out of any arbitration related to this settlement.

**L.     Choice of Law:**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

**M.     Extension of Time:**  The Parties may agree in writing upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**N.     Amendments/Modifications:**  No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval.

**O.     Binding Agreement:**  This Agreement shall be binding upon, and inure to the benefit of, the Parties and their beneficiaries, heirs, executors, administrators, successors, and assigns.  The Parties agree that the Opt-In Plaintiffs must execute the Release and Confidentiality Acknowledgment attached hereto as Exhibit 2 within thirty (30) days of service by Plaintiffs' Counsel as a condition precedent to receiving their payments set forth in Section A above.  Plaintiffs' Counsel agrees that he will not distribute settlement checks prior to receiving an executed Release and Confidentiality Acknowledgement from each Plaintiff.  Defendant shall have the right to terminate and void this Agreement if any Plaintiff refuses to sign the Release and Confidentiality Agreement.

**P.     Anti-Retaliation:** Defendant acknowledges that the FLSA prohibits retaliation.

**Q.     Captions and Interpretations:**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.  No provision of this Agreement is to be interpreted for or against any Party hereto because that Party or his/her/its legal representative drafted such provision.

**R.     When Agreement Becomes Effective; Counterparts:**  This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective "date of [this/the] Agreement" for the purposes of determining the end date of the releases contained herein.   The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**S.     Facsimile/Email Signatures:**  Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**T.     Corporate Signatories:**  Each person executing this Agreement, including execution on behalf of Defendant, warrants and represents that such person has the authority to do so.

PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING PROVISIONS OF THIS AGREEMENT; THAT THEY FULLY UNDERSTAND THEM; THAT THEY HAVE HAD A REASONABLE PERIOD TO DECIDE WHETHER TO EXECUTE THIS AGREEMENT; AND THAT HAVING FULLY CONSIDERED THE MATTER, THEY FREELY AND WITHOUT RESERVATION OR DURESS ENTER INTO THIS AGREEMENT.

EACH OF THE UNDERSIGNED PARTIES REPRESENTS THAT THEY ARE FULLY AUTHORIZED TO ENTER INTO THE TERMS AND CONDITIONS OF, AND TO EXECUTE, THIS SETTLEMENT AGREEMENT, SUBJECT TO COURT APPROVAL.

PLAINTIFFS FURTHER ACKNOWLEDGE AND AGREE THAT THEY ARE ACCEPTING THE SETTLEMENT AMOUNTS AS PAYMENT IN FULL FOR ALL RELEASED CLAIMS FOR COMPENSATION FOR HOURS WORKED THAT WERE RAISED OR COULD HAVE BEEN RAISED IN THIS LITIGATION, INCLUDING FEDERAL, STATE, AND LOCAL CLAIMS FOR HOURS WORKED.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS          SUNTRUST MORTGAGE, INC.

_Pamela Foster_                         _____
Pamela Foster                          By: _____

Date: _7-26-13_                       Date: _____


_____
Sherri Davis

Date: _____


_____
Shannon Brown

Date: _____


**REVIEWED AND APPROVED BY COUNSEL:**

_____
C. Andrew Head, counsel for Plaintiffs

Date: B/26/13

_____
Allegra J. Lawrence-Hardy, counsel for Defendant

Date: _____

PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING PROVISIONS OF THIS AGREEMENT; THAT THEY FULLY UNDERSTAND THEM; THAT THEY HAVE HAD A REASONABLE PERIOD TO DECIDE WHETHER TO EXECUTE THIS AGREEMENT; AND THAT HAVING FULLY CONSIDERED THE MATTER, THEY FREELY AND WITHOUT RESERVATION OR DURESS ENTER INTO THIS AGREEMENT.

EACH OF THE UNDERSIGNED PARTIES REPRESENTS THAT THEY ARE FULLY AUTHORIZED TO ENTER INTO THE TERMS AND CONDITIONS OF, AND TO EXECUTE, THIS SETTLEMENT AGREEMENT, SUBJECT TO COURT APPROVAL.

PLAINTIFFS FURTHER ACKNOWLEDGE AND AGREE THAT THEY ARE ACCEPTING THE SETTLEMENT AMOUNTS AS PAYMENT IN FULL FOR ALL RELEASED CLAIMS FOR COMPENSATION FOR HOURS WORKED THAT WERE RAISED OR COULD HAVE BEEN RAISED IN THIS LITIGATION, INCLUDING FEDERAL, STATE, AND LOCAL CLAIMS FOR HOURS WORKED.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS            SUNTRUST MORTGAGE, INC.

_____            _____
Pamela Foster                      By: _____

Date: _____              Date: _____

_____
Sherri Davis

Date: _____

_____
Shannon Brown

Date: _____

**REVIEWED AND APPROVED BY COUNSEL:**

PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE READ THE FOREGOING PROVISIONS OF THIS AGREEMENT; THAT THEY FULLY UNDERSTAND THEM; THAT THEY HAVE HAD A REASONABLE PERIOD TO DECIDE WHETHER TO EXECUTE THIS AGREEMENT; AND THAT HAVING FULLY CONSIDERED THE MATTER, THEY FREELY AND WITHOUT RESERVATION OR DURESS ENTER INTO THIS AGREEMENT.

EACH OF THE UNDERSIGNED PARTIES REPRESENTS THAT THEY ARE FULLY AUTHORIZED TO ENTER INTO THE TERMS AND CONDITIONS OF, AND TO EXECUTE, THIS SETTLEMENT AGREEMENT, SUBJECT TO COURT APPROVAL.

PLAINTIFFS FURTHER ACKNOWLEDGE AND AGREE THAT THEY ARE ACCEPTING THE SETTLEMENT AMOUNTS AS PAYMENT IN FULL FOR ALL RELEASED CLAIMS FOR COMPENSATION FOR HOURS WORKED THAT WERE RAISED OR COULD HAVE BEEN RAISED IN THIS LITIGATION, INCLUDING FEDERAL, STATE, AND LOCAL CLAIMS FOR HOURS WORKED.

**PARTIES:**

REPRESENTATIVE PLAINTIFFS          SUNTRUST MORTGAGE, INC.

_____          _____
Pamela Foster                    By: _____

Date: _____            Date: _____

*Sherri Davis*
Sherri Davis

Date: __8/26/13__

_____
Shannon Brown

Date: _____

**REVIEWED AND APPROVED BY COUNSEL:**

**REVIEWED AND APPROVED BY COUNSEL:**

_____       _____
C. Andrew Head, counsel for Plaintiffs       Allegra J. Lawrence-Hardy, counsel for Defendant

Date: _____       Date: ___8/28/13_____

**EXHIBIT 1**

**SETTLEMENT ALLOCATION:**



Total settlement pmt: ▮▮▮ Atty fees: ▮▮▮ Advanced costs to be paid by class (out of total advanced by firm): ▮ Total Fees and Costs ▮▮▮ REMAINDER after fees and costs ▮▮▮ Foster unpaid bonus: ▮▮▮ Davis unpaid bonus: ▮▮▮ Named Plaintiff class rep pmts (▮ per named Plaintiff): ▮ Minimum settlement pmts (▮▮/MLP) ▮▮ REMAINDER to be distributed pro rata per %ages ▮▮

ALLOCATIONS:



| Name | Unpd Bonus | Class Rep | Min Settlement Pmt | %age of Remainder | TOTAL | Each Plantiff's %ages of Total Claims | Each Plaintiff's W-2 Payment | Each Plaintiff's 1099 Payment | Each Plaintiff's pro rata %age share of attorney's fees and costs |
|---|---|---|---|---|---|---|---|---|---|
| Foster | | | | | | | | | |
| Brown | | | | | | | | | |
| Davis | | | | | | | | | |
| Purcell | | | | | | | | | |
| Lacey | | | | | | | | | |

Shine
Williams
Bush
Sherer
Phillippi
Green
Bland
Stacy
Vaughn



**EXHIBIT 2**

**RELEASE AND CONFIDENTIALITY AGREEMENT**

On May 17, 2012, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), the representative Plaintiffs Pamela Foster, Sherri Davis, and Shannon Brown (the "Representative Plaintiffs") filed a collective action Complaint against Defendant SunTrust Mortgage, Inc. in the case originally captioned *Foster, et al v. SunTrust Bank*, Case No. 1:12-cv-01716-WSD (the "Litigation"), filed in the United States District Court for the Northern District of Georgia (the "Court"), alleging failure to pay overtime compensation for certain hours worked under the FLSA and breach of contract for failure to pay certain incentive payments allegedly earned under SunTrust's Mortgage Retail Operations Incentive Plan.

Pursuant to Court-approved notice, you signed an Opt-In Consent to join this Litigation, in which you agreed in pertinent part:

> *By filing this consent, I hereby designate the Representative Plaintiffs as my agents to make decisions on my behalf concerning this FLSA litigation against Defendant, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiffs' counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this FLSA litigation against Defendant. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiffs.*

> *I understand that the Representative Plaintiffs have entered into a contingency fee agreement with the law firm of Fried & Bonder, LLC ("Class Counsel"), which applies to all plaintiffs who file this consent. If I file this consent, I agree to be bound by such contingency fee agreement with Class Counsel. I understand that I may obtain a copy of the contingency fee agreement by requesting it from Class Counsel.*

> *I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiffs and Defendant, without regard to whether such judgment or settlement is favorable or unfavorable. I understand that I will be entitled to share in any recovery by the Representative Plaintiffs and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.*

> *I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made*

*in this litigation or a subsequent suit that may be filed on my behalf. If this consent is not executed and filed in this litigation within the time provided by the Court, it may be used in subsequent case for the same purpose.*

On May 9, 2013, Defendant and the Representative Plaintiffs, including all of the Opt-In Plaintiffs, by and through their counsel of record, arrived at a final agreement to settle all claims in the Litigation by and on behalf of all Plaintiffs, including the Opt-In Plaintiffs, during mediation with nationally renowned FLSA collective action mediator Hunter Hughes, Esq. and subsequently executed a Settlement Agreement and Release (the "Agreement") on behalf of all Plaintiffs. The Representative Plaintiffs, Opt-In Plaintiffs, and Defendant are collectively referred to as the "Parties." On _____ ____, 2013, the Court approved that settlement. As a result, you are entitled to the following Settlement Payment, provided that you provide a fully executed signed original of this Agreement to Defendant as a condition precedent to receiving payment:

**[INSERT INDIVIDUAL OPT-IN PLAINTIFF'S PAYMENT ALLOCATION]**

**A.     Releases:** In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, you, for yourselves and for your heirs, successors, assigns, administrators, executors, and representatives, hereby **RELEASE, REMISE, AND FOREVER DISCHARGE** Defendant and its subsidiaries, affiliates, business units, members, shareholders, and their predecessors and successors, officers, directors, agents, employees, former employees, and assigns (collectively, the "Released Parties") from any and all (and only those) claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether accrued or unaccrued, whether known or unknown to them that they may now have against Defendant, including, without limitation, claims for unpaid wages, claims for overtime, or any other wage claim, including penalties, interest, and liquidated damages, claims pursuant to the FLSA, any claims under ERISA deriving from these related claims, as well as claims for breach of contract and all claims for attorneys' fees, costs, and expenses relative to their employment with SunTrust, based upon acts or facts that have occurred from the beginning of time to the date of this Agreement, limited to each Plaintiff's claims (and only those claims) that were or could have been asserted by each Plaintiff by filing an Opt-In Consent in the Litigation. This release does not apply to any claims that cannot be released by law.

You acknowledge that you or your attorneys may hereafter discover facts different from or in addition to those which you now know or believe to be true with respect to the claims released, discharged, and/or compromised by the Agreement, or may change your opinion as to the meaning or significance of the facts heretofore discovered. You agree that, in such event, the Agreement shall nevertheless be and remain effective in all respects notwithstanding such different or additional facts, or the discovery thereof.

You acknowledge that the Released Parties may raise this release as an affirmative defense to any released claims asserted against any one or more of them.

**B.     Confidentiality:** Pursuant to the Court's July 3, 2013, Order [152], the parties shall redact from any filing (i) the settlement amount, including any lists reflecting the allocation of individual settlement payments to each of the Plaintiffs, and (ii) any amount claimed by or agreed to be paid as attorneys' fees and costs.   In consideration of the obligations under this Agreement, and for good cause, Plaintiffs agree that the fact of the settlement is not confidential, but that the terms and conditions of this Agreement, including, but not limited to, the amount of any settlement payment, are strictly and shall forever remain confidential; however, the fact of the settlement or any matter of public record contained in the documents available on PACER shall not be confidential. Notwithstanding the foregoing, Plaintiffs may disclose the terms of this Agreement to each other and to their spouses and/or parents, attorneys, accountants, tax advisers, the Internal Revenue Service, or as otherwise required by law ("Approved Parties") on the condition that they maintain confidentiality or as otherwise required by law. Even if the terms of settlement are available to the public using PACER, Plaintiffs and Plaintiffs' Counsel expressly agree not to disclose or state the terms of settlement contained in this Agreement to any individuals other than the Approved Parties.   Plaintiffs and Plaintiffs' Counsel also agree that they will not direct any individuals to Pacer, to any other source of court documents or to any other publication of the terms of the settlement contained in this Agreement as a means of enabling the individual to obtain information regarding the terms of the settlement.   Plaintiffs' Counsel and all Plaintiffs agree that they shall not (i) issue or file any press release; (ii) respond to any press/media inquiries; (iii) post in any verbal, print or electronic media including, but not limited to, website posting, advertising materials, Facebook, Twitter, text messages, mass email, or similar social networking or public media outlets; or (iv) communicate in any verbal or written manner with any person who is not the Court or a Plaintiff or Approved Parties any of the terms of the Agreement including, but not limited to, the Settlement Payment, Plaintiffs' attorneys' fees, Plaintiffs' costs and expenses, and the settlement amounts for any of the individual Plaintiffs.   Plaintiffs' counsel may reference this settlement on their website or in advertising materials as long as no such reference to this settlement identifies the parties.   The Parties agree further that:

1.      If you are requested or required to disclose the terms of this Agreement pursuant to court order and/or subpoena, you shall notify Defendant, in writing via facsimile or overnight mail, within five (5) business days of receipt of such court order or subpoena, and simultaneously provide Defendant with a copy of such court order or subpoena.  All notifications arising under this paragraph shall be addressed to Sutherland, Asbill & Brennan LLP, 999 Peachtree Street NE; Atlanta, GA 30309-3996; Telephone: (404) 853-8000; Facsimile: (404) 853-8806; E-mail: allegra.lawrence-hardy@sutherland.com.

2.      Nothing in this Section, however, shall prevent you from disclosing any confidentiality obligations required by this Agreement.

3.      You shall not express any opinion about whether Defendant has paid any employee pursuant to the requirements of the FLSA, Georgia law, or the law of any other state or locale.

4.      The fact of settlement is not confidential, and although this list is not exhaustive, you may state that "the matter has been resolved, the lawsuit has been dismissed against

Defendant, and the parties are bound by a confidentiality agreement in the Settlement Agreement" or words substantially similar which shall not be a violation of this Agreement.

**I ACKNOWLEDGE THAT I HAVE READ THE FOREGOING PROVISIONS OF THIS AGREEMENT; THAT I FULLY UNDERSTAND THEM; THAT I HAD A REASONABLE PERIOD TO DECIDE WHETHER TO EXECUTE THIS AGREEMENT; AND THAT HAVING FULLY CONSIDERED THE MATTER, I FREELY AND WITHOUT RESERVATION OR DURESS ENTER INTO THIS AGREEMENT.**

**I FURTHER ACKNOWLEDGE AND AGREE THAT I AM ACCEPTING THE SETTLEMENT AMOUNT AS PAYMENT IN FULL FOR ALL RELEASED CLAIMS FOR COMPENSATION FOR HOURS WORKED THAT WERE RAISED OR COULD HAVE BEEN RAISED IN THIS LITIGATION, INCLUDING FEDERAL, STATE, AND LOCAL CLAIMS FOR HOURS WORKED.**

_____
[Opt-In Plaintiff]

_____
Date

19